IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERCIS B.V.,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No. 23-cv-13959<br><br>Judge Charles P. Kocoras |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on MERCIS B.V.'s Motion for a Preliminary Injunction against Defendant Nos. 7-20, 62-86 and 88-126, and this Court having considered the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the Defendants identified in Amended Schedule A attached hereto (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing and/or counterfeit versions of Plaintiff's MIFFY Trademarks and Copyright (the "MIFFY Products").

1

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has made a *prima facie* showing of trademark infringement because (1) the MIFFY Trademarks are distinctive marks and registered with the U.S. Patent and Trademark Office on the Principal Register as U.S. Trademark Registration Nos. 2,210,029; 4,248,049; 5,516,174; 5,652,014; 5,663,554; 5,706,346; 5,706,199 and 6,727,656 for the "MIFFY" design marks in international classes 9, 16, 18, 25, 28 and 35; Nos. 2,482,597; 5,663,610 and 5,706,279 for the "MIFFY" word mark in international classes 9, 16, 18, 25 and 28; and Copyright Registration No. VA0001054563 for the MIFFY Copyright, (2) Defendants are not licensed or authorized to use MIFFY Trademarks and Copyright, and (3) Defendants' use of the MIFFY Trademarks and Copyright are causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with MERCIS B.V. Furthermore, Defendants' continued and unauthorized use of the MIFFY Trademarks and Copyright irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

Accordingly, this Court ORDERS that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be enjoined and restrained from:

    a. using Plaintiff's MIFFY Trademarks and Copyright or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine MIFFY Product or is not authorized by Plaintiff to be sold in connection with Plaintiff's MIFFY Trademarks and Copyright;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine MIFFY Product or other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's MIFFY Trademarks and Copyright;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing Plaintiff's MIFFY Trademarks and Copyright and damaging Plaintiff's goodwill;

    e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's MIFFY Trademarks and

    Copyright or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof; and

  f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or online marketplace account that are being used to sell Counterfeit MIFFY Products.

2. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that it owns and/or operates (c) their financial accounts, including all Aliexpress.com. ("Aliexpress") and Alipay.com Co., Ltd. ("Alipay") accounts, and (d) the steps taken by that Defendant to comply with paragraph 1, a through f, above.

3. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer, Aliexpress and Alipay, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo and domain name registrars, shall within three (3) business days of receipt of this Order:

  a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the MIFFY Trademarks and Copyright, including any accounts associated with the Defendants listed in Amended Schedule A;

  b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the MIFFY Trademarks and Copyright; and

      c. take all steps necessary to prevent links to the Online Marketplace Accounts identified in Amended Schedule A from displaying in search results. This includes, but is not limited to, removing links to the Online Marketplace Accounts from any search index.

4. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Aliexpress shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

      a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Aliexpress accounts connected to the information listed in Amended Schedule A hereto; and

      b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Alipay shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

      a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Alipay accounts connected to the information listed in Amended Schedule A hereto; and

      b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Plaintiff may provide notice of these proceedings to Defendants, including notice of any future hearings and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 3 to the Declaration of Frank Padberg and any e-mail addresses provided for Defendants by third parties accompanied by a link to the website where the above-identified documents are located. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Plaintiff's Schedule A to the Complaint [Dkt. No. 7], Exhibit 3 to the Declaration of Frank Padberg [Dkt. Nos. 12-18] and the TRO [Dkt. No. 21] are unsealed.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

It is so ordered.

*Charles P. Kocoras*
_____
Charles P. Kocoras
United States District Judge

Date: February 16, 2024

**AMENDED SCHEDULE A**

| No. | Defendant Name / Alias |
|---|---|
| 7 | AHUIHD Store |
| 8 | Come For Kids Store |
| 9 | Fashioning Leading NO. First |
| 10 | GXD-Dropshipping Store |
| 11 | HTTH Store |
| 12 | JC BAGS Store |
| 13 | Rabbits SASA Store |
| 14 | Shop1102529357 Store |
| 15 | Shop1102668988 Store |
| 16 | Shop1102703149 Store |
| 17 | Shop1102705151 Store |
| 18 | Shop911126126 Store |
| 19 | WITFAMILY Store |
| 20 | Zoeybaby Store |
| 62 | 172 LT cases Store |
| 63 | 220 xixixi Store |
| 64 | 227 FCNB Store |
| 65 | 247 GoodLuck Store Store |
| 66 | 261 Exquisite Phone Case Store |
| 67 | 263 WMZJ Phone Case Store |
| 68 | 297 TOP Quality Store |
| 69 | Ali-pnny Store |
| 70 | Ali-The World of Dresses Store |
| 71 | Anime Interesting Toy Store |
| 72 | Anime peripherals toys Store |
| 73 | Art Home Textile 4 Store |
| 74 | Bubble Life Store |
| 75 | Curiosity Toy Store |
| 76 | Dear Flora Bag Store |
| 77 | December NewCase Store |
| 78 | DIYS126 Store |
| 79 | Enjoy Toy Store |
| 80 | Enjoy Your Glamorous Life Store |
| 81 | GD Life Store |
| 82 | Green Clouds Store |
| 83 | HBS Surprise Store |
| 84 | Heout Travel Bag Store |
| 85 | Higher Quality Lifestyle Store Store |
| 86 | Joyful Store |
| 88 | Lily' house |
| 89 | Little Prince Toy Store |
| 90 | LP Toy Store |
| 91 | LSFQ 1996491026 Store |
| 92 | Luckybaby Toy Store |
| 93 | Minimalistic Macrame Wall Hanging Store |

| | |
|---|---|
| 94 | OS Life hall Store |
| 95 | Partyard Store |
| 96 | Rainbow After The Rain Store |
| 97 | Sanrio One Piece Franchise Store Store |
| 98 | Sanrio-I Store |
| 99 | Shiheng Store |
| 100 | Shop1100329017 Store |
| 101 | Shop1102086363 Store |
| 102 | Shop1102176062 Store |
| 103 | Shop1102531276 Store |
| 104 | Shop1102559500 Store |
| 105 | Shop1102673056 Store |
| 106 | Shop1102718507 Store |
| 107 | Shop1102725177 Store |
| 108 | Shop1102819522 Store |
| 109 | Shop1102826930 Store |
| 110 | Shop1102833266 Store |
| 111 | Shop5397022 Store |
| 112 | Shop910958032 Store |
| 113 | Shop911008060 Store |
| 114 | Shop911119101 Store |
| 115 | Shop911119306 Store |
| 116 | Starry Sky Toy Shop Store |
| 117 | starting point toy Store |
| 118 | Sugar Doughnuts Store |
| 119 | Sweetwarm gift Store |
| 120 | Tidal Clothing Store |
| 121 | TK-1 Store |
| 122 | wangchao craft Official Store |
| 123 | White Thunder Phone Store |
| 124 | Woman Wardrobe Store |
| 125 | Xiaojing Living Museum |
| 126 | Xiaozhi Toy Store Store |